WILLIAM F. CARROLL *vs.* WILLIAM H. SALISBURY *et ux.*

JUNE 15, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Levy of Execution.*

Execution levied December 10th on a judgment entered June 10th is in strict accord with Gen. Laws cap 256, § 19, so as to prevent discharge of the

original attachment, construed in accordance with chapter 26, section 12, excluding from the computation of the term of six months the day of the date on which an act is done.

(2)  *Conveyance fraudulent as against creditors.   Burden of Proof.*

Where a person, being notified of a claim against him, pays no attention to the claim and for a nominal consideration immediately conveys to his wife property of large value, being all the property of which he is possessed upon which process may be levied for the satisfaction of the debt, and, the claim being reduced to judgment, execution is returned practically unsatisfied, there is sufficient *prima facie* evidence that the conveyance was made "to the intent or purpose to delay, hinder, or defraud creditors," and the burden is cast upon the defendant to explain the transaction and to show that the conveyance was not within the purview of the statute.

(3)  *Fraudulent Conveyances.   Jurisdiction at Law and in Equity.*

The jurisdiction of the law and equity courts in this State to determine the question of fraudulent conveyances is concurrent, and a party may proceed in either manner at his option.

TRESPASS AND EJECTMENT.   Heard on petition of plaintiff for new trial, and granted.

PARKHURST, J.   Action of trespass and ejectment. Petition for new trial, on exception to ruling of the trial judge, in the former Common Pleas Division, in granting a nonsuit.

The plaintiff introduced evidence tending to prove that the defendant, with others, on April 23, 1900, gave a written guaranty of payment of rent to accrue under a certain lease of that date, for a term of five years and two months; that thereafter, and prior to January 22, 1902, when suit was brought against the guarantors, rent remained unpaid and in arrears to a large amount; that during two or three months prior to the 24th day of December, 1901, Charles H. Page, the then trustee of the leased estate, and entitled to enforce the guaranty, notified Salisbury, the guarantor, in writing, that the rent was in arrear and that he should look to him for payment, and sent him several notices by mail to that effect, none of which were ever returned to Page, although his envelopes had the usual printed request to return the letter, if not delivered, that Salisbury never answered the letters in person or in writing, and never came to see Mr. Page, the trustee, or communicated with him in any way relative to the matter; that on the 24th

day of December, 1901, said Salisbury made a deed to his wife, Sarah A. Salisbury, of all the real estate in Pawtucket, for the nominal consideration of $10, although said land was then valued by the tax assessors at the sum of $9,240; that said deed was recorded January 16, 1902; that on January 22, 1902, said Page, trustee, brought suit on the guaranty aforesaid, and that he attached said real estate on original writ in said suit; that on June 10, 1902, judgment in said suit was recovered by said Page, trustee, against said Salisbury and another for the sum of $1,475 and costs; that execution was levied on said real estate, so attached, on December 10, 1902, and execution sale was made at public auction March 21, 1903, to William F. Carroll, the plaintiff herein, for the sum of $9.00, he being the highest bidder at said execution sale; and the execution was returned by the sheriff unsatisfied for the balance of the judgment.

Under date of April 4, 1903, the sheriff made his deed to Mr. Carroll, pursuant to the execution sale; the deed was duly recorded on the 6th of April, 1903, and on the 20th of April, 1903, Carroll gave written notice to Salisbury and wife to quit the premises; on June 25, 1903, this suit was commenced to eject the defendants, in the District Court, and on claim of jury trial was certified to the Common Pleas Division, where it was tried June 1, 1905, and at the conclusion of the plaintiff's testimony the trial judge ordered a nonsuit.

The nonsuit appears to have been ordered on two grounds:

1. Because the execution was not levied within six months from the date of entry of the judgment.

(1) It appears that judgment was entered June 10, 1902, and execution was levied December 10, 1902, exactly six months thereafter; this levy was in strict accordance with Gen. Laws cap. 256, § 19, so as to prevent discharge of the original attachment, construed in accordance with Chapter 26, section 12, excluding, from the computation of the term of six months, the day of the date on which an act is done.

Even if execution had been levied later, it would only have discharged the original attachment; such levy would not have prevented the acquisition of title by the plaintiff in this case,

since no conveyance to any innocent holder without notice has intervened and the same parties remained in possession of the property at the time of the levy, against whom he claims to recover by reason of the fact that said Salisbury made a conveyance to his wife in fraud of the rights of the plaintiff, creditor in the original suit, and so in fraud of this plaintiff as purchaser at the execution sale. As against these parties defendant, remaining in possession of the real estate under the deed to the wife, the plaintiff, by the levy of his execution and sale and deed thereunder, would have acquired the same right to seek possession of this property under this suit, if the levy were made at such time after judgment as to have discharged the original attachment.

(2)    The second ground of the nonsuit was apparently that the plaintiff had not made a case for the jury because there was no proof that the deed to Salisbury's wife was fraudulent under the provisions of Gen. Laws R. I. cap. 202, §1 (p. 657); and that if such deed were shown to be fraudulent, that question was not appropriate for the decision of a court of law and could only be tried in equity.

We think both of these grounds are untenable.

When a person, being under obligation by guaranty to pay rent, as in this case, being notified of a claim against him to make good under such guaranty, pays no attention to the claim and for a nominal consideration immediately conveys to his wife property of large value, being all the property of which he is possessed upon which process may be levied for the satisfaction of the debt, and the claim is afterwards reduced to judgment, and execution thereon is returned practically unsatisfied (except as to the $9.00 secured at the execution sale), there is sufficient *prima facie* evidence that the conveyance to the wife was made "to the intent or purpose to delay, hinder, or defraud creditors;" and the burden is cast upon the defendants to explain the transaction and to show that the conveyance to the wife is not within the purview of the statute above quoted.

(3)    The further claim on behalf of defendants that such a question is not appropriate for a court of law, but can only be tried

in equity, has no merit. The law of this State is too well settled to admit of the slightest doubt that the jurisdiction of the law and equity courts in such matters is concurrent, and that a party may proceed at law, as in this case, or in equity, at his option. Indeed, the jurisdiction of the law courts has never been doubted, while the jurisdiction in equity has been questioned; and it was finally settled that jurisdiction in equity and at law are generally concurrent in cases of fraud. *Belcher* v. *Arnold*, 14 R. I. 613: *Tucker* v. *Denico*, 26 R. I. 560. See also *McKenna* v. *Crowley*, 16 R. I. 364, 366.

The motion for nonsuit was improperly granted, upon all the grounds set forth. The exception of the plaintiff is sustained, the plaintiff's petition for new trial is granted, and the case is remitted to the Superior Court, for a new trial.

*William H. Greene, and Page and Page and Cushing,* for plaintiff.

*Thomas W. Robinson and Claude J. Farnsworth,* for defendant.