OHAN KORJIAN *vs.* BOGHOS G. BOGHIGIAN *et al.*

FEBRUARY 10, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity to set aside a conveyance of certain real estate in the city of Providence as in fraud of creditors. After a full hearing on bill, answers, replication and proof, the trial justice entered a decree dismissing the bill as to all but one respondent. The case is before us on the complainant's appeal from this decree, claiming that it is against the law, that it is against the evidence and the weight thereof, and that the trial justice erred in denying his motion to amend the bill.

Complainant originally brought this bill against Boghos G. Boghigian and wife Varvar Boghigian, Rahan Garabedian and Kevork Sahagian. Varvar Boghigian and Rahan Garabedian are sisters of Kevork Sahagian. Subsequently the Citizens Savings Bank, upon its own motion, was added as a party. A decree *pro confesso* was entered against the respondent Sahagian.

The bill alleges that on January 9, 1932, the complainant obtained a judgment against Rahan Garabedian for $1711.67, which remains unsatisfied; that prior to the entry of that judgment, in order to avoid its payment, Rahan Garabedian conveyed the real estate in suit to Kevork Sahagian; that the complainant thereafter attached this real estate but was unable to realize on the attachment because of the transfer from Rahan Garabedian to Sahagian; that complainant then brought a bill in equity, in which Boghos G. Boghigian and Varvar Boghigian, two of the respondents in this case, were not parties, against Rahan Garabedian, Sa-

hagian and others to set aside this transfer as in fraud of creditors; that in that case he secured a final decree declaring the transfer to be in fraud of his rights, and that Sahagian then appealed to this court from said decree. This appeal was denied and dismissed by this court in *Korjian* v. *Garabedian*, 55 R. I. 406.

The bill further alleges that pending said appeal Rahan Garabedian and Sahagian intentionally defaulted in the payment of interest and taxes on a mortgage upon that property for the purpose of bringing about a foreclosure of the mortgage so that the title to the property could be placed in some person friendly to Sahagian and subject to his control; that the mortgage was foreclosed and the property purchased by the respondents, Boghos G. Boghigian and Varvar Boghigian, and that this conveyance by way of mortgage foreclosure was a "part of the program" to defraud him as a creditor. The complainant therefore asks the court to find that the mortgagee's sale and conveyance thereunder was merely a scheme to defraud him and to decree that Boghigian and wife hold the property as trustee for Rahan Garabedian and Sahagian.

The mortgage in question was held by the Citizens Savings Bank of Providence, which, after being made a party respondent in this case on its own motion, filed an answer admitting that the mortgage was foreclosed but denying any collusion with the respondents. This answer also prayed, as a cross-bill, that, in case the mortgagee's deed should be held void, the original mortgage to it from Rahan Garabedian be reinstated.

There is nothing in the evidence before us that in any way connects the Citizens Savings Bank with any scheme to injure or defraud the complainant by foreclosure of the mortgage, and this fact was admitted on the record by counsel for the complainant. The testimony shows that on June 6, 1934, the principal sum of $3485 was due on the mortgage; that the interest was overdue for eight months and that proceed-

ings were threatened by the city of Providence for nonpayment of taxes; that the mortgage foreclosure was duly advertised in the public press; and that the property was sold on July 13, 1934, at a public auction on the premises to one Anthony Ellbey, a real estate broker.

The testimony further shows that on July 25, 1934, at the request of Ellbey, the bank deeded the property to the respondents, Boghos G. Boghigian and his wife Varvar Boghigian, who paid in cash to the bank the interest in arrears, the overdue taxes and the expenses of the foreclosure sale. They also gave a new mortgage to the bank for the amount of the principal indebtedness, or $3485, which new mortgage is now in full force. It is clear from this evidence that the bank, in foreclosing the original mortgage, was acting solely to protect its rights and that it was not a party to any plan or scheme to prejudice this complainant.

We therefore find that the Citizens Savings Bank was fully warranted in proceeding as it did; that the foreclosure sale under Rahan Garabedian's mortgage was carried out by the bank in the exercise of its legal rights solely for its own protection and without fraud; and that the new mortgage which it now holds on the property from the respondents, Boghos G. Boghigian and Varvar Boghigian, is a valid charge on that property, irrespective of whatever equities may attach in and to that property as between the complainant and the other respondents. The trial justice properly dismissed this bill as to the Citizens Savings Bank.

The complainant charges the Boghigians with knowingly participating in a fraudulent scheme designed to place the real estate of Rahan Garabedian beyond his reach as an attaching creditor. The evidence on this point shows that on December 4, 1931, the complainant brought an action at law against Rahan Garabedian and certain others as comakers on a promissory note of the United Pencil Company, and attached the real estate of Rahan Garabedian described in the present bill, which real estate was then subject to the

original mortgage to the Citizens Savings Bank. On January 9, 1932, judgment for \$1711.67 was entered in his favor in that action. The complainant's evidence further shows that on the same or the following day, Boghos G. Bohigian, the brother in law of Rahan Garabedian, came to the complainant's home and offered him \$450 in settlement of Rahan Garabedian's share of the judgment, saying: "If you don't take this, of course, we can't pay any more. Then, you will regret it afterwards." There is nothing more in the record before us to connect either Boghos G. Boghigian or his wife Varvar Boghigian with the scheme alleged in the complainant's bill, other than that the Boghigians came into possession of Rahan Garabedian's property through Ellbey after the original mortgage was foreclosed by the bank. The trial justice on this testimony dismissed the bill *without prejudice to the complainant* on the narrow ground that the evidence failed to support the charge of actual fraud on the part of the Boghigians as set out in the complainant's bill.

When the trial justice intimated that he would dismiss the bill, the complainant, relying upon public laws 1929, chapter 1338, sec. 1, moved to amend his bill, on such terms as the court might fix, in order that he could proceed against the Boghigians on the ground of constructive fraud. This motion was denied by the court because counsel for the Boghigians refused to consent. The complainant now contends that this ruling was prejudicial and erroneous. The section of the statute upon which the complainant relies, so far as material, reads as follows: "When any bill in equity charges the defendant with actual fraud, which is not proved upon hearing of the cause, the bill shall not be dismissed for failure to prove such actual fraud, provided the cause presents other issues which the court may have jurisdiction to hear and determine, and *provided the defendant shall consent to the retention of the bill for the hearing and determining of such other issues . . . .*" (Italics ours)

Counsel for the complainant argues that this statute should be liberally construed by us "in order that any good may be derived from it." The obvious answer to this argument is that we cannot disregard the plain and unequivocal language of the statute. Interpretation of a statute is permissible in case of doubt or ambiguity, but we are without power to change its terms when such terms are clearly stated. Here the statute clearly states that the consent of the defendant is necessary to the retention of the bill.

Previous to the adoption of chap. 1338, P. L. 1929, it was well established by decisions of this court that, where a bill in equity charges actual fraud, the complainant must stand or fall upon that ground alone, as under such a bill no other issue was properly before the court. *Dillon* v. *Dillon*, 49 R. I. 84; *Thornley Supply Co., Inc.* v. *Madigan*, 48 R. I. 271; *Grant* v. *Wilcox*, 44 R. I. 94. This is changed by the statute only where the case presents other issues and the defendant consents to the retention of the bill for hearing and determining such other issues. Furthermore, this court has repeatedly held that the findings of fact by a trial justice will be sustained unless clearly erroneous. *Parker* v. *Oliver*, 52 R. I. 117, *Westchester Mortgage Co.* v. *Newport Trust Co.*, 50 R. I. 263. In view of these authorities and statute and of the allegations in the bill as framed, we find no error in the decision of the trial justice dismissing the bill as to the respondents, Boghos G. Boghigian and Varvar Boghigian, on the ground that the evidence fails to prove the charge of actual fraud as alleged in the bill.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Walter Johnson*, for complainant.

*Cooney & Kiernan, Theodore Jaffe*, for respondents, Boghigian.

*John A. Tillinghast, John W. Baker, Henshaw, Lindemuth & Baker*, for respondent, Citizens Savings Bank.