ALFRED SPEAR *vs.* RESPRO, INC. *et al.*

TIMOTHY J. MEE *vs.* RESPRO, INC. *et al.*

MYER M. SOFORENKO *vs.* RESPRO, INC. *et al.*

MARCH 15, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. These are three separate petitions for an appraisal of the value of shares of stock of minority stockholders of a corporation that was merged. The cases are before us under the provisions of general laws 1938, chapter 545, §5, on a certification by the superior court of a question of doubt and importance involving the construc-

tion and application of G. L. 1938, chap. 116, §56, as amended by public laws 1948, chap. 1989. Since the question raised by each petition and the answer of the respondent General Tire & Rubber Company in each case is identical the cases were argued together before us.

The petitioners own shares of stock in Respro, Inc., a Rhode Island corporation, which entered into an agreement to merge with the General Tire & Rubber Company, an Ohio corporation. The agreement contained a provision that the latter corporation would be the continuing and surviving corporation after approval of the merger by the stockholders of each corporation. On September 15, 1955 the merger was duly approved by the stockholders of Respro, Inc. At this meeting petitioners did not vote in favor of the merger. The stockholders of General Tire & Rubber Company on October 10, 1955 voted to approve the merger and on the same day the merger agreement thus approved by the stockholders of each corporation was duly filed in the office of the secretary of state in accordance with P. L. 1948, chap. 1989, sec. 55-B, which amended G. L. 1938, chap. 116, §55. Thereupon the merger became effective.

In accordance with the provisions of G. L. 1938, chap. 116, §56, as amended, and within forty days after the day on which the vote was taken by the stockholders of Respro, Inc., petitioners filed in writing with Respro, Inc. an objection to the vote so taken and a demand for the payment of the full and fair value of their shares, specifying therein the amount they claimed for each share. Within ten days after receipt of such objection and demand, the General Tire & Rubber Company duly notified petitioners that it would not pay such amount and therein offered to pay as the full and fair value of petitioners' shares an amount which was less than that demanded by petitioners.

Neither Respro, Inc. nor General Tire & Rubber Company filed a petition under the statute for the appointment of an appraiser. Thereupon, on December 16, 1955, one of

the petitioners filed a petition for the appointment of some disinterested person to appraise the full and fair value of his shares of the capital stock of Respro, Inc. and the shares of any and all dissenting stockholders who might become parties to such proceeding. A similar petition was filed by each of the other petitioners on January 5 and 6. The General Tire & Rubber Company filed identical answers to the three petitions. Therein it admitted the pertinent facts set out in the petitions but stated that they were not filed within the time required by G. L. 1938, chap. 116, §56, par. 4, namely, within three months after September 15, 1955, the day on which the vote of the stockholders of Respro, Inc. was taken, and that therefore the petitions were barred.

The cases were heard together by a justice of the superior court who decided that the petitions were filed in time and thereupon he directed counsel to prepare a decree for entry in each case appointing an appraiser. However, before entry of such decree, respondents moved in each case that the question of law hereinafter set forth be certified for determination by this court on the ground that it was a question of doubt and importance and so affected the merits of the controversy that it ought to be determined before further proceedings herein, and also that all proceedings should be stayed pending such determination.

After a hearing thereon, the superior court entered an order in each case certifying to this court the following question: "Does Chapter 116, Section 56, of the General Laws of Rhode Island, 1938, as amended, permit a dissenting stockholder (as therein defined) to file a petition for the appointment of an appraiser to ascertain the full and fair value of his shares more than three months after the day on which stockholders of the corporation in which he was a stockholder voted to approve a merger but within three months after the day on which the stockholders of the other corporation, a party to the merger agreement,

voted to approve the merger upon which latter vote the merger was to become effective?"

The answer thereto depends upon the meaning of G. L. 1938, chap. 116, §56, as amended, and more particularly upon the construction and application of the language of the fourth paragraph thereof. That paragraph provides as follows: "If no such petition shall have been filed by the corporation any dissenting stockholder may, within 3 months after the day on which the vote was taken but not thereafter, file such a petition for his own benefit and for the benefit of all other dissenting stockholders who shall intervene therein within said period of 3 months. Notice of said petition shall be given to the corporation by citation served in the same manner as are subpoenas in equity at least 10 days before the return day."

The petitioners contend that under the provisions of the fourth paragraph of §56 the three months' time limit is to be computed from the date of the vote of the last corporation to approve a merger, namely, the vote of the corporation which makes the merger effective. They review the history of the Rhode Island statutes dealing with mergers and consolidations and the rights of stockholders thereunder and conclude therefrom that by its language the legislature intended the meaning which the petitioners have advanced. However, two of the petitioners also contend that the words "vote" and "corporation" wherever used in §56 are ambiguous when applied to a merger as here, because two or more corporations and two or more votes are necessarily involved and yet the words "vote" and "corporation" are used in the statute only in the singular. The third petitioner contends that §56 provides clearly that the three months' period runs from the date of the vote of the last corporation to approve a merger and that it could not refer to any corporation which, upon completion of the merger, was eliminated by virtue of P. L. 1948, chap. 1989, sec. 55-C.

All three petitioners contend further that under any other construction there would have to be as many different time limits as there are corporations involved in a merger; that prior to the date of the vote of the last corporation there can be no assurance that there will be a merger; and that therefore dissenting stockholders will be put to unnecessary expense and litigation if the merger should not be approved by the other corporations. The petitioners conclude that even if §56 is susceptible of two possible constructions, the one advocated by them is the more reasonable; that it does not lead to inconsistent or absurd results; and that it will render the statute as efficacious as those of other jurisdictions which by express statutory provision compute time from the effective date of the merger.

On the other hand the respondent General Tire & Rubber Company contends that the plain meaning of chap. 116, §56, par. 4, is that a dissenting stockholder may file a petition for the appointment of an appraiser only if he files such petition within three months after the day on which the stockholders of *his* corporation voted to approve a proposed merger. It argues that the determination of the question depends on the meaning of the words "the day on which the vote was taken" as used in the fourth paragraph of §56, and it concludes that a reading of that section in its entirety shows plainly that the quoted words refer to the day on which the stockholders of the corporation in which the dissenting stockholders owned stock voted to approve the merger.

The same respondent further argues that its contentions are supported by the statutory history of §56; that the time limit provided in the statute should be strictly applied; that a construction thereof contrary to the plain meaning of the statute is inconsistent with the provision specifying the value to be determined in the appraisal; and finally that such meaning does not deny a dissenting stockholder adequate protection in a merger or similar situation, even

if the effective date thereof is after the expiration of the three-month period. There is no dispute that if the three-month period runs from the day of the vote of the stockholders of Respro, Inc. any of these petitions which was filed later than December 15, 1955 is barred by the statute. G. L. 1938, chap. 309, §§11, 12. *Carroll* v. *Salisbury,* 28 R. I. 16.

The issue presented for our determination is novel here. The petitioners point out that at least twenty-nine states have applicable statutes where the time limit for dissenting stockholders runs from the date when the merger is effected. However, an examination of those statutes shows that they expressly specify a different procedure from that which a dissenting stockholder here must follow in the event of a merger or consolidation to which he objected. They also provide a different point from which the time begins to run or a different time limit within which a dissenting stockholder may file a petition for appraisal of his shares.

In the case at bar we are of the opinion that §56, as amended, needs no construction. It is clear from a reading thereof in its entirety that the legislative meaning is that a dissenting stockholder must file a petition for the appraisal of his stock within three months after the vote of approval by the corporation in which he is a stockholder. This is the meaning disclosed in §56 as it is written. This court has held in *Smith* v. *Soucy,* 46 R. I. 417, at page 424: "If a law is plain, and within the legislative power, it declares itself, and nothing is left for interpretation. It is binding upon the court as upon every citizen."

The first paragraph of §56, as amended, commences with the following words: "In case *any corporation* shall * * * have consolidated or merged * * *." (italics ours) The other references to "such corporation," "constituent corporations," "the corporation," "said corporation," as used thereafter throughout §56 plainly refer back to the words "any corporation" in the first paragraph of said section. It is

likewise clear that when the statute refers to a corporation other than the one in which the stockholder held stock the words "any other corporation or corporations" are used. An example is found in the first paragraph. Moreover in the same paragraph the statute uses the words "resulting or continuing corporation" in referring to the corporation which survives the merger or results from the consolidation. This choice of precise words by the legislature to distinguish the different corporations makes clear this meaning and therefore there is no ambiguity and no room for construction of the language presently under consideration. See *Allen* v. *Rhode Island State Board of Veterinarians,* 72 R. I. 372, 378, and *Korjian* v. *Boghigian,* 60 R. I. 73,78.

The third paragraph of §56 provides: *"The corporation, within 3 months after the day on which such vote was taken* * * * may file a petition in equity * * * for the appointment of an appraiser * * *."* (italics ours) The fourth paragraph provides: "If no such petition shall have been filed by *the corporation* any dissenting stockholder may, *within 3 months after the day on which the vote was taken* but not thereafter, file such a petition * * *. Notice of said petition shall be given to *the corporation* by citation * * *." (italics ours)

We have already stated that the words "the corporation" as used in these two paragraphs refer back to the words "any corporation" in the first sentence of the first paragraph of §56 as amended. Likewise the words "the day on which the vote was taken," in the fourth paragraph have the same meaning as in the first paragraph where they refer to the time within which a stockholder must file an objection to the vote taken by the corporation in which he is a stockholder.

In the circumstances, therefore, the petitioners' contention is not persuasive that the interpretation advocated by the respondents would produce absurd results and would cause unnecessary litigation and expense to the stockholders

in addition to unwarranted use of the time and facilities of the superior court. It may well be that the construction urged by petitioners might prove wiser and more efficient as a policy or method in disposing of other possible problems. However, it is well established that in construing and applying a statute whose language is clear and unambiguous this court lacks the authority to inquire into the motive, policy, wisdom or justification of duly enacted legislation. *Blais* v. *Franklin,* 31 R. I. 95; *Bloomfield* v. *Brown,* 67 R. I. 452. To hold otherwise would require a judicial rewriting of the statute by inserting or deleting words which are not necessarily required to effect the expressed purpose of the statute. See *Carlson* v. *McLyman,* 77 R. I. 177, 180.

For the reasons stated, our answer to the question as certified is in the negative, and the papers in the case are ordered sent back to the superior court for further proceedings.

*Letts & Quinn, Charles F. Cottam,* for petitioners.

*Edwards & Angell, Knight Edwards,* for respondent General Tire & Rubber Company.