235 A.2d 878.

JAMES McCRUDDEN *vs.* VENDITTO BROS., INC.

DECEMBER 7, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

202

JOSLIN, J. This is an employee's original petition for benefits under the workmen's compensation act. A trial commissioner found that the employee's average pre-injury weekly earnings were $14 and awarded him compensation of $20 per week for the period of his total incapacity. On the employee's appeal the full commission affirmed, and the case is now here on his appeal from its decree.

The petitioner's sole employment for the last 25 years has been with respondent. It operated various rides and games at carnivals, and petitioner's job was to assemble and dismantle those rides. On Saturday of each week during the carnival season he set up the rides and then on the following Saturday night preparatory to the carnival moving to a new location for another one-week stand, he would dismantle them. He was paid on a fee rather than an hourly basis, and received $7 each time he set the rides up or took them apart. The record contains no evidence of how long it took to perform these operations or of how many hours he worked each week.

The only question urged on the appeal is whether the commission correctly computed the employee's average weekly earnings. The controlling statute is G. L. 1956, §28-33-20(a). It reads as follows:

"28-33-20. Computation of earnings.—The 'average weekly wages, earnings, or salary' of an injured employee shall be ascertained as follows:

(a) 'Average weekly wages, earnings or salary,' shall mean the average weekly wage earned by the employee at the time of the injury, reckoning wages as earned while working full time. 'Full time' shall mean not less than forty (40) times the hourly rate of wages or earnings."

Here the employee, instead of being paid on an hourly basis, received a fixed sum for his labors. His 25 years on the job certainly suggests that he could have presented evidence of the number of hours it took to set up and to take apart his employer's rides. Given proof of the actual hours of his work week, an exercise in simple arithmetic would have yielded his hourly rate of pay. The employee produced no such evidence, but elected instead to pursue the theory that his work week should, under §28-33-20(a), be deemed to be 40 hours rather than the number of hours he actually worked, and that the hourly rate of pay entering into the computation of his average weekly earnings should be that prescribed under our minimum wage law, rather than one computed on the basis of the fee actually paid to him by his employer. Translating his theory into dollars, he contends that his weekly entitlement to compensation benefits under §28-33-17, as amended,[1] was 66 2/3 per cent of the product of an assumed work week of 40 hours multiplied by the prescribed minimum hourly wage rate of $1.25, or $33.33.

One fault with petitioner's theory, and it is decisive, is that §28-33-20(a) does not provide that the minimum hourly rate established by the minimum wage law should re-

[1]"28-33-17. Weekly compensation for total incapacity—Permanent total disability.—While the incapacity for work resulting from the injury is total and the injured employee is receiving benefits under the Rhode Island temporary disability insurance act, the employer shall pay the injured employee a weekly compensation equal to sixty-six and two-thirds per cent (66 2/3%) of his average weekly wages, earnings or salary, but not more than forty-five dollars ($45.00) nor less than twenty dollars ($20.00) a week ***."

place an employee's actual earnings per hour in the computation of his average weekly earnings. Nor can an intention to substitute that statutory minimum for proof of actual hourly earnings be imputed to the legislature, inasmuch as §28-33-20(a) was enacted in its present form in 1941, a date which antedates by 15 years the 1956 adoption of this state's minimum wage legislation. (P. L. 1956, chap. 3745, sec. 18, now title 28, chap. 12)

The petitioner in urging this theory, ingenious though it may be, in substance asks us to read into the statute something which the legislature neither specifically provided nor intended to provide. If we were to acquiesce, we would be invading the legislative province. When the legislature directed how to compute weekly benefits for total incapacity, it did not establish an alternative method for determining the average weekly earnings of employees who failed to produce evidence of their actual hourly rate of earnings; neither did it, subsequent to the enactment of the minimum wage legislation, amend the computation provision so that it would permit the substitution of the statutory minimum hourly wage rate for an unestablished actual hourly rate. We cannot fill those gaps.

In the circumstances of this case and on a record which discloses a weekly wage of $14, but which contains no evidence of the actual hours worked each week, the only alternative available to the commission in computing the amount of petitioner's compensation for his total incapacity was to base it upon the average weekly wage he actually received, rather than on one arrived at through application of the §28-33-20(a) formula. Inasmuch as 66 2/3 per cent of those earnings of $14 would have been less than the $20 which §28-33-17, as amended, fixes as the minimum weekly

compensation for total incapacity,[2] it was not error to award the employee $20 as his weekly compensation.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson, Stanzler & Biener, Richard S. Mittleman,* of counsel, for petitioner.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* of counsel, for respondent.

---

[2]Under §28-33-17, as amended, the minimum is $20 if the employee is receiving benefits under the temporary disability insurance act, and $25 if he is not receiving any such benefits.