238 A.2d 618.

VINCENT A. GAMBA *vs.* TESTA'S AUTO BODY WORKS, INC.

FEBRUARY 2, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This appeal raises the question of the correct method of computing under G. L. 1956, §28-33-20, the average weekly wages, earnings or salary of a part-time employee who sustains a compensable injury under the workmen's compensation act in a job requiring less than forty hours of employment a week at a fixed hourly rate.[1]

The employee brought this petition to amend a preliminary agreement on the ground that the weekly payments of compensation set forth therein were based on an erroneous average weekly wage. The agreement describes the injury as "Fracture of Right Femur" and employee's occupation as "Janitor-Part Time." It alleges that he was to receive compensation at the rate of $17 per week based on an average weekly wage of $22.50. It is obvious that the parties based their computation on the actual wage received by petitioner while working for respondent.

---

[1]This question was not decided in *Czyzowski* v. *Washburn Wire Co.*, 102 R. I. 159, 229 A.2d 42, because the amount of compensation benefits would not have been affected and hence no justiciable issue was presented.

The facts are not in dispute. The petitioner was a part-time employee of respondent. He worked as a janitor, six hours a night, three nights a week, a total of eighteen hours a week. He was paid at the rate of $1.25 an hour giving him a total of $22.50 per week. While working for respondent, employee held a full-time job with another employer, but, at the time he sustained the injury involved in this case, he was not working for the other employer because of an industrial dispute.

The petitioner contends that the computation is erroneous and that under the provisions of §28-33-20 he should have been paid compensation on the basis of $1.25 per hour multiplied by forty hours; that his correct average weekly wage is $50 instead of $22.50, as alleged in the agreement; and that accordingly he was entitled to compensation payments of $30 weekly instead of the $17 he had been receiving. The trial commissioner agreed with him, but the full commission, in a split decision, reversed the trial commissioner's decree and denied and dismissed the petition.

Section 28-33-20, insofar as pertinent here, reads as follows:

> "Computation of earnings.—The 'average weekly wages, earnings, or salary' of an injured employee shall be ascertained as follows:
>
> (a) 'Average weekly wages, earnings or salary,' shall mean the average weekly wage earned by the employee at the time of the injury, reckoning wages as earned while working full time. 'Full time' shall mean not less than forty (40) times the hourly rate of wages or earnings."

The respondent admits in substance that the employee's contention is correct under a purely literal reading of §28-33-20 (a), but it argues that if the statute is applied literally an absurd result will be reached; that on the facts of the case at bar it will result in its employee receiving more

compensation benefits per week than he earned as wages ($30 compensation as compared to $22.50 in wages); and that if carried to its ultimate conclusion it could result in a Saturday worker, a student or other such part-time worker who worked one hour and who was paid $2.50 per hour being entitled to a compensation rate of $50 per week based on an artificial weekly wage of $100. Reasoning from such examples, respondent concludes that the legislature could not have intended such results.

In our opinion the language of §28-33-20 (a) is clear, plain and unambiguous. "Interpretation of a statute is permissible in case of doubt or ambiguity, but we are without power to change its terms when such terms are clearly stated." *Korjian* v. *Boghigian*, 60 R. I. 73, 78, 197 Atl. 210, 212. It is true that the statute, as written, makes very liberal provision for injured part-time workers, such as petitioner in this case. We cannot, however, say that a literal reading of the statute conveys a nonsensical meaning or that " * * * it contradicts and defeats an evident legislative purpose." *Cabral* v. *Hall*, 102 R. I. 320, 323, 230 A.2d 250, 252.

Prior to June 1, 1941, the method prescribed for computing average weekly wages, earnings or salary, differed substantially from that prescribed by the provisions of §28-33-20 (a). See G. L. 1938, chap. 300, art. II, §13. See also *Shortall* v. *Brown & Sharpe Mfg. Co.*, 74 R. I. 237, 244, 60 A.2d 143, 146. In 1941 the legislature, by enacting P. L. 1941, chap. 1057, amended chap. 300, art. II, §13, subsections A and B. Subsection A is now §28-33-20 (a). It mandates in plain, clear, and unambiguous language that wages shall be reckoned as earned while working full time and it defines full time as meaning not less than forty times the hourly rate of wages or earnings. It is reasonable to assume that the legislature had a reason for changing the statute in question. In the circumstances the statute must

be applied as written. If the legislature intended otherwise it could easily have expressed such an intention by the use of appropriate language. See *Larochelle* v. *Hickory House, Inc.*, 80 R. I. 334, 340, 96 A.2d 830, 833, 834, where the principal issue was whether, in computing the average weekly wages of an employee where tips constitute part of wages, the employee is entitled only to the amount of tips actually received or only to a prorated amount as wages paid directly by the employer. The court, employing language applicable to the case at bar, stated:

> "* * * The formula under consideration may be arbitrary and broad, yet it is simple in form, expresses the legislative intent in plain, ordinary language, and makes no exception or qualification as to the wages or earnings that shall constitute the basis for computing the average weekly wages of an employee at the time of injury. It leaves no room for doubt and speculation. If it is admitted or found as a fact from competent evidence that tips are intended by the parties to be treated as wages in addition to the compensation payable directly by the employer, the formula applies in determining the employee's average weekly wages. Since the legislature has expressed its intention in unambiguous language, it is not within our province to inquire concerning the soundness of its policy in the matter. Our duty is to ascertain and give effect to the intention of the legislature, if not contrary to law, as expressed in the act and not to redraft the statute."

Applying the statute here, the petitioner's average weekly wage at the time of his injury was forty times $1.25, or $50; and he was entitled to weekly compensation payments of $30 during his period of total incapacity. We note, in passing, that unlike *McCrudden* v. *Venditto Bros., Inc.*, 103 R. I. 201, 235 A.2d 878, in the case at bar there is a set hourly rate. Because the rights of a part-time employee were not involved in *Shoren* v. *United States Rubber Co.*, 87 R. I. 319, 140 A.2d 768, that case is clearly distinguish-

able on its facts from the case at bar and therefore requires no further discussion.

The petitioner's appeal is sustained and the decree appealed from is reversed. Upon the filing by the petitioner's counsel of a certificate of compliance with the provisions of §28-35-32, as amended, and upon their further compliance with our provisional order No. 5, this court will take under consideration the question of their entitlement to fees for services rendered in this proceeding, and the amount thereof, and the cause will then be remanded to the workmen's compensation commission with direction to enter a new decree in accordance with this opinion and for further proceedings.

*Abedon, Michaelson, Stanzler, Biener, Richard A. Skolnik,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer, Paul V. Reynolds,* of counsel, for respondent.