[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is a civil action filed by various non-profit hospitals in which they seek a declaration of their right to be exempt from the provisions of the licensing of laboratories statute. §23-16.2-1, et seq. It was prompted by a letter dated February 5, 1990 which was sent to each of the plaintiff hospitals by the Chief of the Division of Facilities Regulation within the State Department of Health. The content and purpose of that letter was to inform each of the plaintiff hospitals that their clinical laboratories would require licensing under § 23-16.2-1, et seq. if those laboratories performed tests "on private patients whodid not have any nexus with the hospital." The plaintiffs take issue with the authority of the Department of Health to require that their laboratories be licensed because of their specific exemption from the laboratory licensing provisions contained in §23-16.2-1, et seq. In particular the plaintiffs rely upon §23-16.2-3 which reads in pertinent part as follows:
 "23-16.2-3 Application of Law — Exceptions.
 the provisions of this chapter shall apply to all laboratories and stations in this state except:
 (a) A laboratory maintained by any city or town or the federal government, or by a hospital licensed under chapter 17 of title 23 . . ."
The various plaintiffs are all duly licensed hospitals, licensed under § 23-17. They will hereinafter be referred to collectively as the Plaintiffs, and the defendant, Barbara DeBuono, M.D., Director of the Rhode Island Department of Health, will be referred to as the Defendant. It should be noted that the present Director of the Rhode Island Department of Health was not the Director when this action was commenced. Substitution of the present Director is pursuant to R.C.P. 25(d)(1).
This case was originally filed in this Court on March 20, 1990. On March 26, 1990 an Order staying any enforcement of the licensing provisions against any of the Plaintiffs was agreed to by all the parties and entered by another Justice of this Court. It was later assigned to this Justice for review and decision some seventeen months later on August 5, 1991. In an attempt to resolve the statutory interpretation dispute as expeditiously as possible because of the long delay, this Court met with counsel on September 14, 1991 for purposes of hopefully routing the case for final resolution pursuant to § 9-24-25. Blanchette v.Stone, 591 A.2d 785 (1991). The Court has not heard from either counsel since that time. Further delay in waiting for counsel to respond is unwarranted. Accordingly, decision herein is made and entered.
Section 23-16.2-3 which defines the application of Chapter16 to all laboratories and laboratory stations in Rhode Island and which specifically excepts certain laboratories from its licensing provisions is, on its face, a seemingly tranquil expression of legislative licensing and regulation of medical laboratories in this state. A close review however of its legislative record discloses it to be something of a lobbyists' delight. The Legislature has been concerned with § 23-16.2-3
and its various deletions and additions of those to be licensed in P.L. 1961 (Chapter 94); P.L. 1971 Chapter 85; P.L. 1978Chapter 356; P.L. 1979 Chapter 39; P.L. 1979 Chapter 331; P.L.1982 Chapter 126 and P.L. 1988 Chapter 397. An example of the Legislature's ameliorative interest in the statute can be easily discerned by simply tracing the term "clinical laboratory" which is the only type of laboratory presently defined in §23-16.2-2 through the various legislative amendments of that section. From 1961 through 1988 "clinical laboratories" has been in and out of the various legislative enactments. In 1979, clinical laboratories were included for the last time and disappeared in 1982. In 1978 laboratory "stations" were added and independent laboratories were excluded. In 1979, the independent laboratories reappeared, and in 1982 disappeared again. In 1988, in what appears to be one final attempt to edulcorate everyone, the Legislature included the language "all laboratories and stations" and brought back into its regulatory programs independent laboratories which made "tests on their own responsibility for a single physician or group of physicians."
The purpose of the foregoing review of the legislature history of § 23-16.2-3 is intended to point out that the Legislature has been consistently concerned with the licensing exceptions to the laboratory licensing provisions of § 23-16.
In the course of that repeated concern it has never chosen to delete or amend the "licensed under § 23-17" hospital exception. That failure to do so, strongly indicates its approval and reaffirmation of the § 23-17 licensed hospital exception. The General Assembly is presumed to know its prior legislation on the same subject matter and if the General Assembly intended to remove the exclusion of hospitals licensed under § 23-17 it would have said so. Loretta Realty Corporation v. MassachusettsBonding and Insurance Company, et al, 83 R.I. 221, 225-226 (1955). It is obvious from the General Assembly's repeated inclusion of the licensed hospital exception in § 23-16.2-3
that it did not intend to disturb that exception. Langdeau v.Narragansett Insurance Company, 94 R.I. 128, 133 (1962).
Section 23-16.2-3 contains both clear and unambiguous language. As such, that statute must be applied literally.Citizens for Preservation of Waterman Lake v. Davis,420 A.2d 53, 57 (1980); Augustine v. Langlais, 121 R.I. 802, 804 (1979); The words used in the statutory section concerned here must be given their plain and ordinary meaning, Trifari v. Employees'Retirement System of Providence, 485 A.2d 100, 102 (1984), and this Court is not permitted to alter or amend that meaning so as to make it applicable to promote what the Director may believe a more desirable result. Little v. Conflict of InterestCommission, 121 R.I. 232, 237 (1979); Spear v. Respro, Inc.,85 R.I. 272, 280 (1957). In short, where as here, the language of § 23-16.2-3 is both clear and unambiguous, this Court lacks the authority or jurisdiction to inquire into the motive, policy, wisdom or justification for the exclusion of § 23-17 hospital laboratories from the laboratory licensing provision of §23-16. The state Legislature since first enacting the exclusionary provision in § 23-16.2-3 has, as noted earlier, had frequent occasion to deal with that statutory exclusion section. The state Legislature must be presumed to know how to amend and repeal its own legislative enactments and must also be presumed to have known what it was doing when it last dealt with § 23-16.2-3 in 1988. Brennan v. Kirby, 529 A.2d 633, 637 (1987). If the Legislature had in any way intended to make any distinction between hospital laboratories and hospital laboratories which have a "patient nexus" with the hospital it would have written that intention into the statute and not leave in the all inclusive blanket exception language of hospitals licensed under § 23-17. State v. Caprio, 477 A.2d 67, 71 (1984). See, e.g., Defenders of Animals v. Department ofEnvironmental Management, 553 A.2d 541, 543 (1989).
In this case, the defendant Director has notified the various plaintiff hospitals that he requires those hospitals whose in-hospital clinical laboratories perform tests on any persons who are not in-patients or out-patients of the hospitals and who do not have a sufficient nexus with the hospital to be licensed under § 23-16.2-3. That promulgated directive dated February 5, 1990 (Exhibit A) by the defendant, while perhaps laudable, is not permitted by the present clear and unambiguous language in §23-16.2-3. Unless and until the State Legislature amends or modifies § 23-16.2-3 so as to permit the "patient nexus" distinction, the blanket exception language in § 23-16.2-3
prevents the defendant from doing so. Gilbane Company v.Poulas, 576 A.2d 1195, 1196 (1990).
Plaintiffs in this action have also requested the Court to award them counsel fees pursuant to § 9-29-21. They simply have misread § 9-29-21 as did the Director when he misread §23-16.2-3. Their position with regard to counsel fees is without merit, and their request is denied.
Counsel will present for entry an appropriate Judgment within ten (10) days.