LORETTA REALTY CORPORATION *et al. vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY *et al.*

JUNE 17, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

222

CONDON, J. This is an action of debt on bond. After the cause was at issue in the superior court it was submitted to an arbitrator in accordance with general laws 1938, chapter 475. It is here on the plaintiffs' appeal from an order of the superior court confirming the arbitrator's award.

The plaintiffs are Loretta Realty Corporation and Christopher L. Migliaccio. The defendants are the Massachusetts Bonding and Insurance Company, hereinafter called the surety, and the Industrial Sales & Construction Company, Inc. Certain other parties were allowed to intervene but it is not necessary to describe them here since only the rights of plaintiffs and the surety are involved in the instant appeal.

The controversy between them arose out of the alleged breach by the surety of a bond given by the construction company to secure the faithful performance of a building contract which it had entered into with the plaintiffs. Among other things the arbitrator found that the construction company "committed a very substantial breach of its contract in that it abandoned the work before completion and prior to abandoning the work failed in several respects to comply with the contract." He also found that plaintiffs had made a payment of $7,500 to the construction company after such breach and did not notify the surety thereof before making said payment.

On the basis of those findings the arbitrator held that the construction company was liable to plaintiffs in the sum of $5,155.65 plus interest and that the surety was released. The award states that plaintiffs' payment of $7,500 to the construction company when it "was in default, without notice of the situation to Surety and without Surety's having been afforded an opportunity to object to the payment, released the Surety to the extent of the amount paid." The plaintiffs claim that this is a clear mistake of law in the circumstances here. In the case of such a mistake they contend that under the provisions of §10 of chap. 475 the superior court must vacate the award.

Hence upon the return of the award to the superior court the surety duly filed a motion that the award be confirmed. Thereupon plaintiffs filed a motion in writing that it "be modified and corrected, or in the alternative that it be vacated." The superior court denied plaintiffs' motion and entered an order confirming the award. In their reasons of appeal from such order plaintiffs allege that it is erroneous, because the arbitrator was "guilty of misbehavior as a result of which misbehavior the rights of the plaintiffs were substantially prejudiced," and also that he "so. exceeded his powers and so improperly executed them that a mutual, final and definite award upon the subject matter was not made."

The plaintiffs expressly concede in their brief that the arbitration was under chap. 475; that the arbitrator's findings of fact are conclusive; that all reasonable presumptions are to be made in favor of his award; and that the only grounds upon which this award may be set aside are found in paragraphs (c) and (d) of said chapter. The sole question raised on this appeal, therefore, appears to be this: Is the alleged mistake of law equivalent to "any other misbehavior" as that term is used in paragraph (c) or to the arbitrator exceeding his powers or so imperfectly executing them as stated in paragraph (d)?

Those paragraphs are set out with two others in §10 as follows:

"§10. In either of the following cases said court must make an order vacating the award upon the application of any party to the arbitration.

(a) Where the award was procured by corruption, fraud or undue means.

(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

The plaintiffs contend that a mistake of law appearing on the face of the award should be regarded under paragraph (c) as "other misbehavior" by which their rights "have been substantially prejudiced," and under paragraph (d) as a case of the arbitrator exceeding his powers or imperfectly executing them. In reply the surety argues that the omission of "mistake of law" from §10 precludes such construction of paragraphs (c) and (d). The finality of an award under the statute, it claims, is explicit and can be vacated only for a ground specifically enumerated in §10. Those grounds, it further argues, are tied to misconduct or misbehavior in its true sense and mistake of law cannot be regarded as such within the reasonable intendment of paragraph (c) in the context of §10 as a whole. Finally the surety claims that plaintiffs' construction of paragraph (d) is without any foundation whatever and misses completely the real purport of that provision.

After carefully considering the above contentions and

the authorities which the parties have cited in support of their respective views, we are of the opinion that the legislature did not intend to make such mistake of law the equivalent of misconduct or misbehavior and therefore a ground for vacating an award under the statute. Prior to its enactment in 1929 it was settled in this state that an award in an arbitration at common law could be vacated for mistake of law appearing on the face of the award. *Harris v. Social Mfg. Co.*, 8 R. I. 133 (1864).

In that case this court also recognized and referred to other grounds for vacating an award as clearly appears from the following statement at page 140: "The arbitrators having been made, by the parties, the judges of the law and of the facts and of the equity of the case, and no mistake of law appearing upon the face of the award, and no mistake as to any material fact thus appearing or being admitted by the arbitrators; and no partiality or corrupt conduct on their part, or misbehavior in the parties being pretended; and the award being within the terms of the submission fairly construed, and furnishing a rule sufficiently certain to define and limit the rights of the parties, and under which these rights may be enforced; we see no sufficient reason in the plaintiff's bill for annulling the award, or any part of it."

It will be noted that among the grounds there specifically mentioned besides mistake of law or mistake of any material fact are misconduct and misbehavior. The law of the state governing this phase of arbitration was thus clear and definite when the legislature undertook to deal with the same subject matter many years later in 1929. We assume that when they drafted §10 they knew the existing law and were aware that an arbitration award could be vacated on various grounds including mistake of law. The legislature is presumed to know prior legislation on the same subject matter. *Carlson v. McLyman*, 77 R. I. 177. They are also presumed to know the common law affecting a subject on

which they undertake to legislate. *Thompson* v. *Thompson,* 218 U. S. 611; *Gar Wood Industries, Inc.* v. *Colonial Homes, Inc.,* 305 Mass. 41; *Doughty* v. *Maine Central Transportation Co.,* 141 Me. 124; *Lewis* v. *duPont,* 41 Del. 347.

Therefore, we are of the opinion that if the legislature had intended to make such a mistake of law a ground for vacating an award under the statute they would have said so in §10, especially since they had undertaken therein to specify certain grounds among which were several that had been referred to in *Harris* v. *Social Mfg. Co., supra.* The fact that they expressly incorporated some of those grounds in §10 and omitted any reference to mistake of law appearing on the face of the award as here alleged is, in our opinion, convincing evidence they did not intend that an award under the statute should be open to question on that ground. In other words we think it was their intention that such an award should have unquestioned finality as far as errors of law were concerned, unless the submission otherwise limited the scope of the arbitrator's powers.

In the case at bar it is conceded that there is no such limitation in the submission and that the arbitrator is the sole judge of the law and the facts. But plaintiffs claim that he was guilty of a form of misconduct or misbehavior in deciding that the surety was released by reason of plaintiffs' payment to the construction company. They appear to claim that mere error of law appearing on the face of the award without more should be treated as "other misbehavior" under paragraph (c). The superior court rejected that claim and we think the ruling was correct. Conceivably, however, in certain circumstances such a mistake might well be deemed not merely an error in judgment but in reality a kind of misconduct or misbehavior *deliberately* intended to prejudice. In such a case the ground for setting aside the award would not be mistake of law but "other misbehavior" under paragraph (c).

No such circumstances as above mentioned appear in the

award. Nor do plaintiffs claim that the alleged mistake of law relied on by them involves, or is in any way derogatory of, the judicial integrity of the arbitrator. Hence there is no need to discuss it further.

As to plaintiffs' second contention under paragraph (d), we agree with the surety that they have missed the true purport of that provision. Here "a mutual, final and definite award upon the subject matter submitted" was made. The only complaint is that the arbitrator committed an error of law in making it and that in doing so he imperfectly executed his powers. But assuming that the arbitrator made the alleged mistake it did not result in his failing to make a mutual, final and definite award within the submission. The plaintiffs' real complaint is that the award is unfavorable to them and that this is the result solely of the arbitrator's alleged error of law. Such a complaint is not cognizable under paragraph (d).

The plaintiffs' appeal is denied and dismissed, the order appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aisenberg & Joslin, Alfred H. Joslin,* for plaintiffs.

*Boss & Conlan, Francis W. Conlan, Carroll & Dwyer,* for defendant Massachusetts Bonding and Insurance Company.