FERGUSON PERFORATING
AND WIRE CO.

v.

RHODE ISLAND COMMISSION FOR
HUMAN RIGHTS.

No. 78–122–M.P.

Supreme Court of Rhode Island.

June 26, 1980.

Saunders & Torres, Albert D. Saunders, Jr., East Greenwich, for plaintiff-respondent.

Dennis J. Roberts, II, Atty. Gen., Eileen G. Cooney, Sp. Asst. Atty. Gen., for defendant-petitioner.

OPINION

DORIS, Justice.

This is a petition for a writ of certiorari filed by the Rhode Island Commission for Human Rights (commission) to review a judgment of the Superior Court, sitting without a jury, reversing the commission's decision that a complaint they issued against Ferguson Perforating and Wire Co. (Ferguson) for an alleged violation of the Rhode Island Fair Employment Practices Act satisfied the procedural due-process requirements established by G.L.1956 (1968 Reenactment) § 28–5–18.

On December 12, 1974, Virginia Bogacki filed a complaint with the commission which alleged that Ferguson discriminated against her on April 25, 1974, by firing her from her job because of her sex. The commission began its investigation of the charge on February 27, 1975, and issued a complaint on April 16, 1975. This complaint did not contain a notice of hearing and was addressed to Robert Waterman, an officer of the company, even though the commission knew that James Ferguson was the agent of record for Ferguson.

On May 7 and June 4, 1975, the commission made attempts to conciliate the matter, but these efforts failed.

On June 16, 1975, Ferguson moved to dismiss the complaint for lack of personal jurisdiction because the complaint did not satisfy the procedural due-process requirements set forth in § 28–5–18.

On July 15, 1975, Ferguson was notified by the commission of a hearing to be held on the complaint on September 10, 1975. On July 23, 1975, Ferguson appeared before the commission to argue its motion for lack of personal jurisdiction, which motion the commission denied August 4, 1975. The commission's decision was reversed by the Superior Court, and the commission now seeks review of that judgment.

Section 28–5–18 provides in part that: "the commission shall have the power to issue and cause to be served upon any

person or respondent a complaint stating the charges in that respect and containing a notice of hearing before the commission, a member thereof, or a hearing examiner at a place therein fixed to be held not less than ten (10) days after the service of such complaint. Any complaint issued pursuant to this section must be so issued within one (1) year after the alleged unfair employment practices were committed."

There is no question that the complaint at issue did not contain a notice of hearing. It is also clear that when Ferguson finally did receive a notice of hearing, one year had passed since the alleged violation occurred. Thus, pursuant to § 28–5–18 the complaint is defective. The commission argues, however, that this defect should not be permitted to defeat the complaint because there was no evidence that the lack of notice operated to the detriment of Ferguson.

We do not agree with the commission's contention. "We have said many times that a delegation of power to an administrative agency will not be deemed unreasonable and therefore unlawful unless it is not accompanied by sufficient standards or safeguards." *First Republic Corporation of America v. Norberg*, 116 R.I. 414, 420, 358 A.2d 38, 42 (1976). In the present case § 28–5–18 provides very specific and detailed procedural steps to ensure that parties have an opportunity to be heard in a meaningful time and manner. *See Millett v. Hoisting Engineers' Licensing Division*, R.I., 377 A.2d 229, 235–36 (1977). The stat-

ute specifically protects respondents' procedural due-process rights by requiring that complaints be issued within one year of the alleged unfair-employment practice and that the complaint be accompanied by a notice of hearing. The explicit inclusion of these requirements bespeaks the Legislature's opinion that these procedural safeguards are necessary to protect respondents. These procedural protections are designed to provide respondents with adequate time for such matters as scheduling witnesses, hiring lawyers, and gathering and compiling evidence of the alleged violations before witnesses' memories of the incidents become too obscure.

We will therefore abide by the procedural due-process rights provided by the Legislature in § 28–5–18. Thus, since the complaint in this case did not include a notice of hearing and the actual service of notice was three months after the one-year statutory period provided had expired, we find that the complaint is defective.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers are ordered returned to the Superior Court with our decision duly endorsed thereon.