**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**

v.

**Carlos TANASIO.**

**No. 96–403–Appeal.**

Supreme Court of Rhode Island.

Dec. 18, 1997.

Thomas R. Bender, David P. Whitman, Providence, for Plaintiff.

Daniel Flaherty, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on November 10, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised in the plaintiff's appeal from a Superior Court final judgment confirming an arbitration award should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On January 5, 1994, the defendant, Carlos Tanasio (Tanasio), was injured in an automobile accident with Santiago Valiente (Valiente). The defendant received $1,743 in medical payments from his own insurer, the plaintiff, Metropolitan Property and Casualty Insurance Company (Metropolitan). He also received $25,000 from the tortfeasor Valiente's insurance company in June 1995. That amount represented the limit of Valiente's policy.

Thereafter, Metropolitan entered into binding arbitration with Tanasio to determine the amount due under the underinsured-motorist provision in Tanasio's policy with Metropolitan. The arbitration panel determined that Tanasio's total damages were $33,000. The panel further found that prejudgment interest accrued from the time of the accident, amounting to a total of $7,590. The parties stipulated to the setoffs of the medical and the liability payments.

Both parties sought confirmation of the arbitration award in the Superior Court. However, they each computed interest on the award differently. Tanasio computed the interest on the total award and then subtracted the setoff amounts whereas Metropolitan first subtracted the setoff amounts and then computed the interest on the remainder.[1] At the hearing the trial justice, instead of choosing one of the methods employed by the parties, formulated a different method of computing interest. Under his method, Metropolitan was required to pay interest on the full amount of the $33,000 award until Tanasio received his medical payments from Metropolitan. Then interest was to be computed on the difference between the total award and the medical payments until such time as Tanasio received the liability payment from Valiente's insurer. At that time the balance due Tanasio was to be further reduced, and the interest was to be recomputed on the remaining award balance amount. That interest was to accrue until Tanasio received the final remaining balance. Metropolitan appealed from that decision.

Metropolitan first argues that the parties had an agreement concerning the

---

1. The setoff amounts are the medical payments provided by Metropolitan and the liability pay- ments provided by Valiente's insurance carrier.

computation of interest, as evidenced by a prearbitration letter from Metropolitan's counsel to Tanasio's counsel dated October 10, 1995. That letter recited that the setoff amounts would first be subtracted from the total award granted by the arbitrator and that the interest would then be computed on the balance remaining. Tanasio, while acknowledging receipt of that letter, asserts that he never responded to the letter and that, therefore, no binding agreement ever arose therefrom. The issue of whether the October 10 letter constituted an agreement was not raised below, so the trial justice was never given an opportunity to decide whether that letter constituted an agreement. Because that issue was not raised below, we need not address it here. However, we want to point out that pursuant to Rule 1.4 of the Superior Court Rules of Practice, "All agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity." Accordingly, since the agreement purportedly contained in the October 10 letter was not mutually agreed upon by the attorneys in writing and was not made in the presence of the court, it is of no validity and cannot be enforced by this Court.

In reviewing the trial justice's modification of the arbitrator's award with respect to the computation of interest on that award, we conclude that it was not unreasonable. The award by the arbitrator was destined to be imperfect because the issues of setoff and interest were not submitted to him. Accordingly, since the trial justice, pursuant to G.L. 1956 § 10–3–14, had clear authority to supplement the arbitrator's incomplete award, we conclude that his decision was without error.

For all the foregoing reasons, Metropolitan's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.