Lisa GEREMIA

v.

ALLSTATE INSURANCE COMPANY.

No. 2000–355–Appeal.

Supreme Court of Rhode Island.

June 13, 2002.

Peter P. D'Amico, Providence, for Plaintiff.

Michael J. Reed, Jr., for Defendant.

Present: LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

In this case, the plaintiff, Lisa Geremia, appeals from the denial of her petition to alter the calculation of interest on an arbitration award.[1] The plaintiff contends that the hearing justice erred in refusing to modify the interest calculations of the arbitration panel.

This appeal came before a single justice of this Court, who ordered the parties to show cause why this appeal should not summarily be decided. After hearing their arguments and considering their legal memoranda, we conclude that cause has not been shown and proceed summarily to decide the appeal.

### Facts

On April 23, 1994, the plaintiff was driving in Attleboro, Massachusetts, when she was rear-ended by an underinsured driver and sustained injuries. The plaintiff was insured by the defendant, Allstate Insur-

---

1. Although this appeal came to us on the show cause calendar, this Court believes that the importance of the issue presented requires resolution by full opinion. *See George v. Infantolino,* 446 A.2d 757, 759 n. 3 (R.I.1982).

ance Company, and her policy provided for underinsured/uninsured motorist (UM) coverage. On October 10, 1998, the plaintiff, with Allstate's permission, was paid $25,000 by the underinsured driver's insurance company. The plaintiff then pursued a claim for UM benefits against Allstate and demanded that the matter be resolved through binding arbitration pursuant to the terms of her policy. Allstate agreed to arbitrate the matter, and a hearing was held before a three-member arbitration panel on March 28, 2000. On May 30, 2000, the arbitrators rendered their decision, finding the plaintiff's damages to be $31,800. They deducted from that amount the $25,000 paid to the plaintiff by the driver's insurance company and made a net award of $6,800. They then added 73 percent interest to that amount (12 percent per annum), creating a total award of $11,764.

On July 17, 2000, the plaintiff filed a petition in Superior Court to confirm the arbitration award and to alter the calculation of interest made by the arbitrators. She asserted that their calculation was not consistent with the calculation employed by this Court in *Merrill v. Trenn,* 706 A.2d 1305 (R.I.1998). Allstate objected to the plaintiff's petition and filed its own petition to confirm the arbitration award. After a hearing on August 3, 2000, the hearing justice denied the plaintiff's petition and confirmed the arbitration award as it was written. The plaintiff appeals.

### Analysis

■ The Superior Court's jurisdiction to vacate or modify an arbitrator's award is both limited and prescribed by G.L.1956 § 10-3-12. *Bradford Dyeing Association, Inc. v. J. Stog Tech GmbH.,* 765 A.2d 1226, 1232 (R.I.2001); *Aetna Casualty & Surety Co. v. Grabbert,* 590 A.2d 88, 92 (R.I.1991).[2] Although a "mistake of law" is not grounds for overturning an arbitration award, *Loretta Realty Corp. v. Massachusetts Bonding and Insurance Co.,* 83 R.I. 221, 225, 114 A.2d 846, 848 (1955), an arbitrator's " 'manifest disregard of the law' " is grounds for doing so. *Westminster Construction Corp. v. PPG Industries, Inc.,* 119 R.I. 205, 211, 376 A.2d 708, 711 (1977). In *Westminster,* we noted that a manifest disregard of the law " 'must be something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law' " such as " 'when arbitrators understand and correctly state the law, but proceed to disregard the same.' " *Id.* at 211, 376 A.2d at 711. *See also Prudential Property and Casualty Insurance Co. v. Flynn,* 687 A.2d 440, 442 (R.I.1996).

This Court has long recognized that arbitrators may add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement. *See Waradzin v. Aetna Casualty and Surety Co.,* 570 A.2d 649, 651 (R.I.1990).

**2.** General Law 1956 § 10-3-12 provides:

"In any of the following cases, the court must make an order vacating the award upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud or undue means.

(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

■ In the appeal before us, the plaintiff seeks to correct what she claims to be a miscalculation of prejudgment interest by the arbitrators on the amount of her total damages ($31,800) as determined by the arbitrators. She contends that our holding in *Merrill v. Trenn,* 706 A.2d 1305, 1313 (R.I.1998) controls. We disagree.

*Trenn* involved calculation of prejudgment interest in a case involving joint tortfeasors in which one of those joint tortfeasors had entered into an earlier settlement with the plaintiff. Because there was no record evidence of whether a joint tortfeasor's release had been executed by the parties, there was no indication about which portion of the earlier settlement figure constituted compensatory damages and which portion constituted interest. Accordingly, we held in *Trenn* that the non-settling and remaining joint tortfeasor would be charged with the statutory rate of interest on the full amount of the damages determined to have been due the plaintiff from the time of the accrual of his cause of action until the date of the earlier joint tortfeasor's settlement. At that time, the full amount of the earlier settlement would be deducted from the total amount determined to be due the plaintiff, and from that date, the statutory rate of interest only on the net or reduced amount of the plaintiff's damages would be chargeable to the second joint tortfeasor.

The three-member arbitration panel in this case did not apply the *Trenn* interest calculation formula. As noted earlier, *Trenn* involved the calculation of interest in a situation involving joint tortfeasors, in which one tortfeasor had settled in advance of the other. Although we noted in *Trenn* that the interest calculation formula paralleled "the method of interest computation that we recently endorsed in the context of underinsured-motorist-liability insurance coverage in *Metropolitan Prop-*

*erty and Casualty Insurance Co. v. Tanasio,* 703 A.2d 1102 (R.I.1997) [ (per curiam) ]", we did not specifically require the *Trenn* computation in the UM context. *Trenn,* 706 A.2d at 1314.

■ We now require that the interest calculation formula outlined in *Trenn* be applied in all pending and future underinsured/uninsured motorist cases of this kind. In those cases, prejudgment interest at the statutory rate hereafter will begin to accrue on the date that the UM carrier denies the claim or fails to pay the same within a reasonable period after receiving notice from the claimant thereof. *See Liberty Mutual Insurance Co. v. Tavarez,* 797 A.2d 480, 486–487 (R.I.2002). Interest will continue to accrue until settlement is made or until a valid and final award or judgment in favor of the claimant is satisfied.

In this case, however, the *Trenn* interest calculation formula was not believed by the arbitrators to be applicable to non-tortfeasor situations at the time the arbitrators imposed their prejudgment interest. That belief did not rise to the level of a manifest error of law and thus did not warrant relief to the plaintiff. We are satisfied that the arbitrators had the discretion to award interest in the manner in which they did. The three-member arbitration panel considered the evidence and reached a unanimous decision. There is no evidence of any material miscalculation of figures or impropriety, and the award is sufficiently clear as to provide a final and definite award. Additionally, there is no indication that the trial justice's findings were clearly wrong or that he misconceived or overlooked material evidence, and accordingly his findings will not be disturbed.

### Conclusion

For the reasons above stated, the plaintiff's appeal is denied and dismissed, and

the order confirming the arbitration award is affirmed. The papers in this case are remanded to the Superior Court.

Chief Justice WILLIAMS did not participate.