**Michelle S. PLACE, Plaintiff,**

v.

**CALIFORNIA WEBBING INDUSTRIES, INC., d/b/a Elizabeth Webbing Mills Co, Inc., and Jeffrey Sparr, Eliot Lifland and George West, individually and in their capacities as officers and/or shareholders of Elizabeth Webbing Mills Co., Inc., Defendants.**

No. 00–365–L.

United States District Court, D. Rhode Island.

April 3, 2003.

**158**

Andrew H. Berg, Catherine A. Sammartino, Sammartino & Berg, Providence, RI, for Plaintiff.

Thomas W. Budd, Michael J. Volpe, Scott M. Wich, Clifton Budd & DeMaria, New York City, Robert Clark Corrente, Joseph D. Whelan, Hinckley, Allen & Snyder, Michael A. Gamboli, Lisa M. Martinelli, Partridge, Snow & Hahn LLP, Providence, RI, for Defendants.

## OPINION AND ORDER

LAGUEUX, Senior District Judge.

Defendants Eliot Lifland and George West have moved pursuant to Fed. R.Civ.P. 56 for summary judgment on plaintiff Michelle Place's claim that they discriminated against her in violation of R.I. Gen. Laws section 42–112–1. Because all conduct that could have constituted discrimination occurred outside of the applicable limitations period, the Court grants defendant West's motion. However, the Court declines to rule upon Lifland's motion while the automatic stay imposed as a result of his bankruptcy petition remains in place.

## FACTS

The "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," *see* Fed. R.Civ.P. 56(c), reveal the following undisputed facts.

Defendant California Webbing Industries d.b.a. Elizabeth Webbing Mills Co., Inc. ("EWEB") was a textile manufacturer which maintained a place of business in Central Falls, Rhode Island. Plaintiff Michelle Place joined EWEB as a sales coordinator in January of 1994, and worked

there until approximately June 21, 1999.[1] During that span, she alleges that she was the victim of numerous incidents of sexual harassment, ranging in seriousness from offensive comments made to her or in her presence, to a sexual assault by her supervisor, Jeffrey Sparr, that purportedly occurred in the waning days of her tenure.[2] She also complains that EWEB discriminated against her on the basis of gender by consistently paying her less than similarly situated male employees, and that the cumulative effect of those discriminatory episodes was her constructive discharge.

Eliot Lifland was the president, chief executive officer, and chairman of the board of directors of EWEB from sometime in 1991 through, approximately, January of 1998. Subsequent to January of 1998, Lifland continued to serve the company, in a reduced capacity, as chairman of the board. While these motions were pending, Lifland filed a Suggestion of Bankruptcy stating that on January 17, 2003 he had filed for relief under Chapter 7 of the Bankruptcy Code.

George West was the CEO of EWEB from January 21, 1999 until March of 2001, brought on to help resuscitate the struggling firm. With West at the helm EWEB filed for Chapter 11 bankruptcy protection, and his departure coincided with the conversion of EWEB's case to Chapter 7, where it currently resides.

At some unspecified time, Place filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Rhode Island Commission for Human Rights ("RICHR") against EWEB and Sparr. Those bodies issued Notices of Right to Sue. Neither Lifland nor West was ever the subject of such a charge. Place filed a complaint in this Court on July 26, 2000, naming not only EWEB and Sparr, but Lifland and West as well. The complaint has been amended twice subsequently.

The third amended complaint, over nine counts, alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2000)("Title VII"), the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28–5–1 et seq. (2000) ("FEPA") and the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42–112–1 (1998)("RICRA"). Place also made claims sounding in tort against Sparr.

Most relevant for present purposes, counts VIII and IX accuse Lifland and West, respectively, of violating RICRA. Those defendants have moved for summary judgment.

## DISCUSSION

### I. Operation of the Automatic Stay

Section 362 of the Bankruptcy Code stays the commencement, continuation or enforcement of all judicial proceedings against a debtor. *See* 11 U.S.C. § 362(a)(1) (2000). Exempted from that prohibition are, inter alia, purely ministerial acts by a court, for instance recording an entry on a docket in response to a proper judicial order. *See Soares v. Brockton Credit Union*, 107 F.3d 969, 973–974 (1st Cir.1997). Any act that requires

---

1. The record contains a June 21 memorandum from Place resigning her duties, while the complaint alleges that she worked at EWEB until "mid-June." Any potential discrepancy is immaterial since, as will become clear *infra*, only events subsequent to July 26, 1999 would fall within the applicable statute of limitations.

2. Place and Sparr filed a joint motion to dismiss the complaint, with prejudice, as to Sparr, pursuant to Fed.R.Civ.P. 41(a). This Court granted that motion on March 28, 2002. Sparr is, as a result, no longer a party to this action.

the exercise of judicial discretion, however, and that occurs after a debtor has filed a bankruptcy petition, is void. *Id.* at 974, 976. The preceding is true whether or not the decision that is stayed would have favored the debtor. *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 373 (10th Cir.1990).

Clearly, then, in light of the foregoing recitation, this Court is without authority to pass on Lifland's motion for summary judgment until either his bankruptcy case is resolved, *see* 11 U.S.C. § 362(c)(2), or the bankruptcy court lifts the stay. *See id.* § 362(d)-(f).

## II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law.

If a genuine issue of material fact exists, summary judgment must be denied. A fact is material if it might affect the outcome of the suit. *See Morrissey v. Boston*

*Five Cents Sav. Bank*, 54 F.3d 27, 31 (1st Cir.1995) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A dispute as to a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* The Court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. Co. v. Canadian Pac. Ltd.*, 133 F.3d 103, 106 (1st Cir.1997).

## III. RICRA

RICRA prohibits, among other things, sex discrimination in a wide range of commercial settings, including the formation and performance of employment contracts.[3] The Rhode Island legislature enacted RICRA as part of the Civil Rights Act of 1990. Owing to its relative youth and the availability of more specific remedies for civil rights violations, the statute has not spawned an abundance of published case law, and its contours are still somewhat opaque.

## IV. Statute of Limitations

None of the parties has identified in its moving papers the statute of limitations applicable to RICRA claims.[4] Upon prompting at oral argument, Lifland's

---

3. The statute provides:

**Discrimination prohibited.**—(a) All persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is otherwise provided or permitted by law, the same rights to make and enforce contracts, to inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and are subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For the purposes of this section, the right to "make and enforce contracts, to inherit, purchase, to lease, sell, hold and convey real and personal property" includes the making, performance, modification and termination of contracts and rights concerning real or personal property, and the enjoyment of all benefits, terms, and conditions of the contractual and other relationships.

R.I. Gen. Laws § 42–112–1.

4. Lifland and West did, however, in their Answers to the Third Amended Complaint, assert as an affirmative defense that Place's claims are time barred.

counsel suggested that Rhode Island's general 10 year limitations period for civil actions, presumably referring to R.I. Gen. Laws § 9–1–13(a)(1997), might be appropriate. Place's attorney countered that RICRA does not mandate the imposition of *any* limitations period. Neither answer is satisfactory.

Obviously, RICRA itself is silent as to the relevant statute of limitations. Rhode Island's highest court has been equally taciturn. Very recently, however, Judge Smith of this district ruled that FEPA furnished the limitations period for employment discrimination claims under RICRA. *See Rathbun v. Autozone, Inc.,* 253 F.Supp.2d 226 (D.R.I.2003). *Rathbun's* analysis is invaluable.

As a prerequisite to bringing suit, FEPA complainants must file a charge of discrimination with the RICHR within one year of the occurrence of the allegedly discriminatory practice. *See* R.I. Gen. Laws § 28–5–17 (2000). The relatively brief limitations period, common to anti-discrimination statutes, protects the accused by guaranteeing that they receive sufficient notice of the alleged violations to adequately investigate the claims while those claims are still reasonably susceptible to investigation. *See Roadway Express, Inc. v. Rhode Island Comm'n for Human Rights,* 416 A.2d 673, 676 (R.I. 1980); *Rathbun,* 253 F.Supp.2d at 231 (*citing Delaware State College v. Ricks,* 449 U.S. 250, 256–57, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), *Roadway Express, Inc.* at 676, and *Ferguson Perforating and Wire Co. v. Rhode Island Comm'n for Human Rights,* 415 A.2d 1055 (R.I.1980)).

In *Rathbun,* the plaintiff made separate but virtually indistinguishable discrimination claims under FEPA and RICRA. On defendant's motion for summary judgment, the court considered adopting the state's three year limitations period for personal injury actions, *see* R.I. Gen. Laws § 9–1–14(b)(1997), but reasoned that doing so would render FEPA's shorter limitations period meaningless. *See Rathbun,* 253 F.Supp.2d at 231. Noting the sound policies underlying the imposition of an abbreviated period in employment discrimination cases, and the recognition and affirmation of those policies by the Rhode Island Supreme Court, Judge Smith refused to permit an end run around FEPA by means of invoking RICRA. *See Rathbun,* 253 F.Supp.2d at 231–33.

*Rathbun's* holding resonates in the present circumstances as well. Place has repackaged employment discrimination claims against Lifland and West as state civil rights claims, which is her prerogative.[5] However, preserving those RICRA claims longer than identical claims under FEPA would do unwarranted violence to a statutory framework that, notably, predated RICRA. *Cf. Langdeau v. Narragansett Ins. Co.,* 94 R.I. 128, 179 A.2d 110, 113 (1962)("We must assume that the Legislature in enacting the Uniform Insurers Liquidation Act knew of the existence of its prior special legislation on the same subject matter ... and did not intend to disturb it ....") (citation omitted); *Loretta Realty Corp. v. Massachusetts Bonding & Ins. Co.,* 83 R.I. 221, 114 A.2d 846, 849 (1955)(noting that the legislature's familiarity with existing law is presumed and

---

**5.** Curiously, Place asserted RICRA claims against EWEB and Sparr identical to those against Lifland and West, but also cast separate counts against EWEB and Sparr as FEPA and Title VII (FEPA's federal counterpart) claims. The reason for not lodging the FEPA and Title VII complaints against Lifland and West does not appear in the record.

that any intended subsequent deviation from that law should be explicit).

If *Rathbun's* cogent reasoning were not persuasive enough on its own (which it is), then-District Judge Selya's opinion in *Fricker v. Town of Foster*, 596 F.Supp. 1353 (D.R.I.1984) bolsters the conclusion that FEPA's one year limitations period applies to this case.

■ As an initial matter, following *Rathbun* "commends itself as a matter of 'intra-court comity.'" *Fricker* at 1356 (*quoting Daigneault v. Public Finance Corp.*, 562 F.Supp. 194, 197 n. 3 (D.R.I. 1983)). Judges "'of coordinate jurisdiction within a jurisdiction'" are well advised not to issue divergent rulings on the same subject without compelling reasons for so doing. *Id.* (*quoting United States v. Anaya*, 509 F.Supp. 289, 293 (S.D.Fla.1980)).

■ Moreover, *Fricker* endorsed the application of FEPA's limitations period to federal civil rights claims grounded in employment discrimination. In the absence of specific statutory direction, courts discerning the limitations period for a particular federal claim borrow the period attributed to the most closely equivalent state cause of action. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Judge Selya in *Fricker*, relying on

a trio of First Circuit cases, held that FEPA was the best analogue for a section 1983 employment discrimination claim, and that its limitation period would control. *See Fricker* at 1356. Nothing compels a contrary conclusion regarding employment discrimination claims under the rubric of section 1981, which RICRA mirrors textually.[6] *See Moran v. GTECH Corp.*, 989 F.Supp. 84, 91 (D.R.I.1997)(the only substantive differences between RICRA and section 1981 are those needed to fill the gap left by *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which narrowly interpreted section 1981's substantive scope).

■ Having determined that FEPA's one year limitations period applies to Place's RICRA claim against West, it remains to evaluate the impact of that conclusion. Place left the employ of EWEB sometime in June of 1999, and has alleged no discriminatory conduct subsequent to that month. She filed her complaint in this Court on July 26, 2000. At no time did she attempt to toll the statute of limitations by filing a charge of discrimination against West with the EEOC or RICHR prior to filing that complaint.[7] Since it is without dispute that all of the allegations in the complaint occurred outside of the relevant limitations period, in other words

---

6. This Court is aware that an earlier decision from this district, *Partin v. St. Johnsbury Company, Inc.*, 447 F.Supp. 1297 (D.R.I.1978), held that Rhode Island's three year statute of limitations applied to section 1981 employment discrimination claims. Because a more specifically relevant limitations period exists under Rhode Island law, *cf. Partin* at 1299 n. 2 ("Rhode Island does not provide a limitation period specific to federal civil rights actions. If it did ... the more specific limitation period would apply.") (citation omitted), and in light of *Rathbun's* forceful logic, this Court declines to extend *Partin's* holding to RICRA in spite of the similarities between the two statutes.

7. Of course this asseveration is not meant to imply that filing a charge with RICHR would have *effectively* tolled the statute for purposes of the RICRA claims. *Rathbun* does appear to assume as much. *See Rathbun*, 253 F.Supp.2d at 233. Because that conclusion is neither necessary nor obvious, this Court refrains from reaching it. *Cf. Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66, 95 S.Ct. 1716, 44 L.Ed.2d 295 (filing claim with EEOC pursuant to Title VII does not toll statute of limitations for purposes of section 1981 claim stemming from same facts).

prior to July 26, 1999, Place may not maintain her action against West.

### CONCLUSION

For the foregoing reasons, the Court hereby grants defendant West's motion for summary judgment.[8]

Place's claims against the bankrupt EWEB remain for disposition, while Lifland's motion for summary judgment shall be held in abeyance until this Court regains the authority to deal with it.

No judgment shall enter until all claims are resolved.

It is so ordered.

---

8. As noted above, although West raised it as an affirmative defense, the parties have ignored the limitations issue for purposes of this motion. Consequently, they have not had the opportunity to brief the topic. If Place wishes to propose an alternative construction of RICRA she may file a motion for reconsideration of this decision.