## METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

v.

### Colin BARRY.

No. 2003–478–Appeal.

Supreme Court of Rhode Island.

April 22, 2004.

Kevin Cain, Providence.

Steven M. Ballin, Norwood, MA.

### O R D E R

In this case involving a claim for uninsured/underinsured motorist (UM) benefits, the defendant, insured claimant, Colin Barry, appeals from a Superior Court judgment confirming an arbitration award that granted him $49,125 in damages and $8,351 in prejudgment interest against his UM insurer, the plaintiff Metropolitan Property and Casualty Insurance Company.

A single justice of this Court had ordered the parties to show cause why we should not decide this case summarily. After reviewing the parties' legal memoranda and listening to their oral arguments, we conclude that cause has been shown and that this appeal should proceed to full briefing and argument. In particular, we request the parties and any interested *amici curiae* to brief the following issues, among any others that they may wish to bring to our attention:

(1) Is it possible for arbitrators and for reviewing courts to apply the interest-calculation formula outlined in *Merrill v. Trenn*, 706 A.2d 1305, 1313 (R.I.1998) to UM cases such as the one at bar and to other UM cases of the kind that this Court faced in *Geremia v. Allstate Insurance Co.*, 798 A.2d 939, 941 (R.I.2002), yet still, "[i]n those cases, [have] prejudgment interest at the statutory rate * * * begin to accrue on the date that the UM carrier denies the claim or fails to pay the same within a reasonable period after receiving notice from the claimant thereof"? *Geremia*, 798 A.2d at 941. In other words, is it possible to harmonize *Geremia*, and the case of *Liberty Mutual Insurance Co. v. Tavarez*, 797 A.2d 480, 487 (R.I.2002), with the calculation of prejudgment interest that this Court prescribed in *Merrill*, 706 A.2d at 1313, and in *Metropolitan Property & Casualty Insurance Co. v. Tanasio*, 703 A.2d 1102, 1104 (R.I.1997)? If so, how? If not, how should the interest-calculation formula outlined in *Merrill* be applied in UM cases such as the case at bar? As it was in *Tanasio*, as modified by *Geremia*, or by some other method?

(2) Notwithstanding *Merrill, Geremia, Tavarez,* and *Tanasio,* what is the fairest and best way to calculate prejudgment interest in cases such as this in which the tortfeasor's carrier pays the policy limits in settlement of the tort claim before the insured claimant's own UM insurer denies his or her contractual claim for UM benefits because of the need to arbitrate or litigate a dispute over the total amount of damages suffered by the injured party?

(3) Does an injured party's claim for UM benefits over and above any amount received from the tortfeasor or the tortfeasor's insurer include the amount of prejudgment interest (beginning on the date of the injury) that accrued on the underlying claim for damages against the tortfeasors(s) through the date of any settlement with the tortfeasor(s)? Does it also include the underlying claim for damages itself, less any payment received from the tortfeasor and/or the tortfeasor's insurer, *see Tanasio,* 703 A.2d at 1104, with interest accruing on this net damages claim from the date that the UM carrier either denies the claim or should have granted it? *See Geremia,* 798 A.2d at 941.

Accordingly, we direct that this matter be assigned to the continuous-argument calendar for briefing and argument, and we respectfully request the assistance of any interested *amici curiae* who may wish to brief the issues raised by this case.