February 28, 2018

**Supreme Court**

No. 2016-309-Appeal.

(PM 14-4568)

David DiSano                    :

            v.                  :

Argonaut Insurance Company.     :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

David DiSano                                    :

v.                                              :

Argonaut Insurance Company.                     :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**  The plaintiff, David DiSano (DiSano), appeals from a Superior Court order that denied his petition to vacate an arbitration award; granted the petition of the defendant, Argonaut Insurance Company (Argonaut), to confirm the arbitration award; and granted Argonaut's motion to quash the deposition subpoena of the dissenting arbitrator.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

### Facts and Travel

This case concerns an automobile accident that occurred on April 14, 2010, involving DiSano and an individual named Justin Lorello.  At the time of the accident, DiSano was employed by the Providence Water Supply Board (PWSB) and was operating a PWSB-owned vehicle.  DiSano sought underinsured-motorist coverage through an insurance policy issued by

Argonaut to PWSB.[1]  Because the policy contained an arbitration provision, the parties executed an arbitration-submission agreement in which they agreed that the Superior Court Rules Governing Arbitration of Civil Actions would apply.

A two-day hearing was conducted before a panel of three arbitrators.  On August 25, 2014, a majority of the arbitrators issued a decision that found in favor of Argonaut; one arbitrator dissented from the decision.  The majority found Lorello liable for the April 14, 2010 accident.  The majority also found that: (1) Lorello's insurer, Liberty Insurance Company, had paid DiSano $25,000, the policy limit; (2) DiSano's insurer, Metropolitan Property and Casualty Insurance Company, had paid DiSano $25,000, the underinsured-motorist coverage policy limit; and (3) the workers' compensation insurer for PWSB, Liberty Mutual, had paid DiSano $258,303 in workers' compensation benefits.  Consequently, the majority determined that Argonaut was entitled to an offset of $308,303 from any damages awarded to DiSano in the arbitration, which it calculated by adding the aforementioned insurance payments and workers' compensation benefits received by DiSano.

The majority further found that DiSano "had significant pre-existing hip and low back conditions which pre-dated the subject accident[,]" and that the accident marginally aggravated these conditions.  The majority determined that the medical testimony demonstrated that the accident exacerbated DiSano's low-back condition for approximately three months, but that hip replacement surgery that he underwent on February 23, 2011, after the accident, "was not causally related to the accident."  The majority concluded that DiSano was entitled to damages for three months with respect to reasonable pain and suffering, medical expenses, and lost wages.  However, because the majority also found that DiSano's damages were less than the $308,303

---

[1] We note that DiSano sought underinsured-motorist coverage through an uninsured-motorist coverage endorsement in the policy.

offset amount to which it had determined Argonaut was entitled, "judgment" was entered in favor of Argonaut.

On September 16, 2014, DiSano filed a petition in the Superior Court to vacate the arbitration award, pursuant to G.L. 1956 § 10-3-12. Argonaut objected to DiSano's petition and brought a cross-petition to confirm the arbitration award, pursuant to § 10-3-11. On November 13, 2015, DiSano filed a notice to depose the dissenting arbitrator. Argonaut moved to quash the deposition subpoena pursuant to Rules 26(c) and 45(c)(3) of the Superior Court Rules of Civil Procedure. It maintained that: (1) Superior Court Arbitration Rule 5(f) prohibits the deposition of an arbitrator; (2) common law provides arbitrators with quasi-judicial immunity; and (3) there is no factual or legal basis to depose the dissenting arbitrator. DiSano objected to the motion to quash.

On January 21, 2016, a hearing was held before a justice of the Superior Court on the parties' pending petitions and Argonaut's motion to quash. DiSano explained, in support of his petition to vacate the arbitration award, that he was relying on the fourth ground provided in § 10-3-12, which mandates that an arbitration award must be vacated "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Section 10-3-12(4). DiSano noted that he was not disputing that Argonaut was entitled to an offset; however, he maintained that the majority had miscalculated the offset amount. Specifically, DiSano asserted that the arbitrators miscalculated the amount because they did not subtract from his workers' compensation benefits the amount that was attributable to his hip replacement. DiSano argued that "a substantial portion of that $308,[303] * * * included the hip replacement surgery [and] the lost wages incurred as a result of the hip replacement surgery."

3

In response, Argonaut first noted the limited review of arbitration awards and the "strong public policy in favor of arbitration awards." It asserted that, although DiSano was attempting to challenge the adequacy of the award by arguing that the award was miscalculated, the purported inadequacy of an arbitration award is not a ground upon which the courts can vacate an arbitration award.

With respect to Argonaut's motion to quash the deposition subpoena, DiSano explained that he sought to depose the dissenting arbitrator to ascertain why the majority, in calculating the offset, had included certain amounts that he had received. However, Argonaut argued that DiSano's attempt to depose the dissenting arbitrator violated Superior Court Arbitration Rule 5(f), as well as various recognized immunities for arbitrators.

The hearing justice rendered a bench decision. He found the majority's decision to be "rational and logical." He stated that the majority found DiSano's injuries to be minor, and accordingly had decided that the offset amount exceeded his damages. The hearing justice noted that, although the majority did not specify the amount of DiSano's damages, it was "clearly because the arbitrators did not believe it was necessary to get to that point." He stated:

> "While [plaintiff] says he should be able to recover his losses here disregarding the workers' compensation award, not even that is clear. He received $50,000 in liability. There's no evidence that he incurred special damages, lost pay, and wages above that or that he suffered pain and suffering above that."

Further, the hearing justice noted that it was not necessary for the arbitrators to quantify the amount of damages, nor should arbitrators be required to do so.

When considering the motion to quash, the hearing justice noted that he was "skeptical * * * about the deposition of an arbitrator, particularly, in this case, the minority arbitrator * * *." He deemed DiSano's subpoena seeking to depose the dissenting arbitrator to be "unusual" and

"unnecessary." Accordingly, the hearing justice denied DiSano's petition to vacate the arbitration award and granted Argonaut's petition to confirm the arbitration award and motion to quash the deposition subpoena. DiSano timely filed a notice of appeal to this Court.

## II

## Standard of Review

"In this jurisdiction, the authority of the Courts to review an arbitral award is statutorily prescribed and is limited in nature." *Nappa Construction Management, LLC v. Flynn*, 152 A.3d 1128, 1132 (R.I. 2017) (quoting *Buttie v. Norfolk & Dedham Mutual Fire Insurance Co.*, 995 A.2d 546, 549 (R.I. 2010)). "[A]n arbitration award can be vacated only if the award falls within one of the statutory criteria set out in § 10-3-12, or if the award is irrational, or if the arbitrator has manifestly disregarded the law." *Pier House Inn, Inc. v. 421 Corporation, Inc.*, 812 A.2d 799, 803 (R.I. 2002). However, "[n]either an arbitrator's mistake of law nor an error of law is a ground for vacating an arbitration award." *Id.*

With respect to the hearing justice's decision to grant Argonaut's motion to quash the deposition subpoena, this Court has held that "[i]n granting or denying discovery motions, a Superior Court justice has broad discretion." *Dawkins v. Siwicki*, 22 A.3d 1142, 1150 (R.I. 2011) (quoting *Travelers Insurance Co. v. Hindle*, 748 A.2d 256, 259 (R.I. 2000)). "[W]e will not disturb a trial justice's decision relating to discovery 'save for an abuse of that discretion.'" *Id.* (quoting *Hindle*, 748 A.2d at 259).

# III

## Discussion

### A

### Petition to Vacate Arbitration Award

On appeal, DiSano argues that the hearing justice erred in denying his petition to vacate the arbitration award and in granting defendant's cross-petition to confirm the award. He contends that the award is "irrational" and "implausible" in its calculation of damages. He argues that the majority of arbitrators improperly utilized the amount of workers' compensation benefits attributable to his hip replacement to calculate the offset amount, because the majority had found that his hip replacement was not causally related to the accident. In sum, DiSano asserts:

> "Either the hip replacement is not causally related and [Argonaut] is entitled to only a partial offset from the workers compensation lien; or the hip replacement is causally related and [DiSano] is entitled to an award for pain and suffering for same and [Argonaut] is entitled to an offset from the entire workers compensation lien."

As noted above, this Court will vacate an arbitration award only if it is irrational, if the arbitrator manifestly disregarded the law, or if one of the statutory grounds set forth in § 10-3-12 applies. *See Pier House Inn*, 812 A.2d at 803. Section 10-3-12 sets forth the statutory grounds for when an arbitration award must be vacated:

> "In any of the following cases, the court must make an order vacating the award upon the application of any party to the arbitration:
>
> "(1) Where the award was procured by corruption, fraud or undue means.
>
> "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

6

> "(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
>
> "(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

As noted above, in the Superior Court, DiSano relied on the basis provided in § 10-3-12(4), maintaining that the majority imperfectly executed their powers by miscalculating the offset amount. DiSano challenges the portion of the offset that was calculated with the workers' compensation benefits that were attributable to his hip replacement. However, because the arbitrators did not quantify the total amount of damages, there is no support for DiSano's suggestion that, but for the inclusion of this amount in the offset, his damages award would have been greater than the offset amount and judgment would have entered in his favor.[2] Aside from the workers' compensation benefits, there is an additional $50,000 offset amount that arose from insurance payments, which DiSano does not challenge. As the hearing justice astutely remarked, it is conceivable that DiSano's damages award did not even rise above this $50,000 offset amount, given the finding of minimal damages by the majority. Because of this very real possibility, this Court cannot say that the majority of the arbitrators "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made." Section 10-3-12.

---

[2] We note, as the hearing justice also mentioned, that the arbitrators were not required to quantify the damages amount. *Pierce v. Rhode Island Hospital*, 875 A.2d 424, 427 (R.I. 2005) ("In the absence of an express agreement or a requirement by statute, an arbitrator is not required to set forth any findings of fact and conclusions of law supporting an award.").

Further, even if the arbitrators did err by failing to subtract the amount of workers' compensation benefits attributable to DiSano's hip replacement from the offset amount, "[a]n arbitrator's award will not be overturned for mere errors of law." *Atwood Health Properties, LLC v. Calson Construction Co.*, 111 A.3d 311, 315 (R.I. 2015). We are persuaded by the following language set forth in *Loretta Realty Corp. v. Massachusetts Bonding and Insurance Co.*, 83 R.I. 221, 114 A.2d 846 (1955), where this Court declined to vacate an arbitration award despite the acknowledgment that the arbitrator had made a mistake of law:

> "The only complaint is that the arbitrator committed an error of law in making [the arbitration award] and that in doing so he imperfectly executed his powers. But assuming that the arbitrator made the alleged mistake it did not result in his failing to make a mutual, final and definite award within the submission. The plaintiffs' real complaint is that the award is unfavorable to them and that this is the result solely of the arbitrator's alleged error of law." *Loretta Realty*, 83 R.I. at 227, 114 A.2d at 849.

Keeping in mind this Court's limited review of arbitration awards, the majority's arbitration award does not rise to the level necessary to vacate such an award. Accordingly, we are satisfied that the hearing justice appropriately denied plaintiff's petition to vacate the arbitration award.

**B**

**Motion to Quash the Deposition Subpoena of the Dissenting Arbitrator**

During oral argument before this Court, DiSano represented that he was not pressing on appeal the grant of Argnoaut's motion to quash the deposition subpoena addressed to the dissenting arbitrator. We deem this issue waived, therefore, and we simply note that Superior Court Arbitration Rule 5(f) provides that "[a]n arbitrator may not be deposed or called as a witness to testify concerning anything said or done in an arbitration proceeding."

8

## IV

## Conclusion

For the reasons stated herein, we affirm the order of the Superior Court and remand the papers thereto.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | David DiSano v. Argonaut Insurance Company. |
| **Case Number** | No. 2016-309-Appeal. (PM 14-4568) |
| **Date Opinion Filed** | February 28, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas R. Ricci, Esq.<br>Michael S. Pezzulo, Esq.<br><br>For Defendant:<br><br>John J. Cloherty, Esq. |